IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE C. PHILLIPS, # B-62167, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-00069-JPG |
| | ) |
| MARC HODGE, MARK STORM, | ) |
| PHILIP B. MARTIN, | ) |
| JAMES FENOGLIO | ) |
| and WEXFORD HEALTH | ) |
| SOURCES, INC. | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a 25 year sentence for manufacturing/delivering cocaine. His claims arose during his incarceration at Lawrence. Plaintiff asserts that the defendants, including Marc Hodge (Lawrence's warden), Mark Storm (Lawrence's assistant warden), Philip B. Martin (Lawrence's health care unit administrator), James Fenoglio (Lawrence's medical director and former physician), and Wexford Health Sources, Inc. ("Wexford") (Illinois Department of Corrections' medical provider), violated his constitutional rights under the Eighth and Fourteenth Amendments by denying him adequate medical treatment for cholesteatoma[1] (Doc. 1). Plaintiff seeks compensatory and punitive damages (Doc. 1, pp. 9-10).

---

[1] Plaintiff alleges in his complaint that cholesteatoma is a serious medical condition caused by an ingrowth of skin from the eardrum into the middle ear (Doc. 1, p. 4). If left untreated, the condition can cause hearing loss, dizziness, facial muscle paralysis, and infection. *Id.*

1

Specifically, Plaintiff alleges that he suffered from an infection associated with his cholesteatoma in November 2011 (Doc. 1, p. 4). Medical personnel at Lawrence scheduled an appointment with an outside medical provider for November 18, 2011. The outside provider examined and treated Plaintiff's condition by partially draining his right ear and prescribing ear drops. The provider issued specific orders to Defendants Fenoglio and Martin for Plaintiff's follow-up treatment and care, which included "giving"[2] Plaintiff ear drops prior to his follow-up appointment with the outside provider on December 2, 2011 (Doc. 1, p. 5).

Plaintiff alleges that Defendants failed to give him the prescribed ear drops prior to that date. At a routine appointment with Dr. Fenoglio on November 23, 2011, Plaintiff complained of pain and drainage in his right ear, which Dr. Fenoglio treated with Ibuprofen and cotton balls (Doc. 1, pp. 5-6). Because Plaintiff was not given ear drops, the outside provider was unable to complete his treatment of Plaintiff on December 2, 2011 (Doc. 1, p. 6). This inaction aggravated Plaintiff's condition and caused pain.

Plaintiff now sues Dr. Fenoglio for his alleged deliberate indifference to Plaintiff's serious medical need. In addition, Plaintiff has named Defendants Hodge, Storm, and Martin because they are included in the chain of command that would have received reports of Plaintiff's condition (Doc. 1, p. 7). Although Plaintiff included no allegations in his complaint regarding their specific involvement in a constitutional violation, the exhibits filed with Plaintiff's complaint allege that the treatment orders were transmitted to Defendant Martin and reveal that Defendant Martin investigated Plaintiff's grievance regarding this matter (Doc. 1-1,

---

[2] It is unclear from the language Plaintiff used in the complaint whether Defendants failed to fill Plaintiff's prescription for ear drops, administer the ear drops once the prescription was filled, or both. At this stage in this case, however, the Court is required to liberally construe the allegations in Plaintiff's complaint. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th 2009).

pp. 3-5). Finally, Plaintiff sues Wexford Health Source, Inc. based on its alleged refusal to treat Plaintiff (Doc. 1, p. 7).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

According to 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable Eighth Amendment claim against Defendants Fenoglio and Martin for displaying deliberate indifference to Plaintiff's serious medical need (Count 1).

However, Plaintiff has failed to state an actionable Eighth Amendment claim against Defendants Hodge, Storm, and Wexford (Count 2). Plaintiff alleged that Defendants Hodge and Storm received notice of Plaintiff's condition by virtue of their position in the chain of command. However, the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Plaintiff, like many other inmates, seems to think that any prison employee who knows (or should know) about his problems has a duty to fix those problems. That theory is in direct conflict with the well-established rule that "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). *See also Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978). Although Plaintiff has sued Defendants Hodge and Storm in their individual capacities, Plaintiff has failed to allege any facts which demonstrate that they are "personally responsible for the deprivation of a constitutional right." *Id.* Pleading an Eighth Amendment claim against non-medical prison officials requires more. This is because a non-medical prison official "will generally be justified in believing that the prisoner is in capable hands" when under the care of prison medical professionals. *Arnett v. Webster*, 658 F.3d 742,

3

755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)).  Accordingly, Defendants Hodge and Storm are dismissed from this action without prejudice.

Plaintiff has also failed to state an Eighth Amendment claim against Wexford.  The Seventh Circuit has held that a corporate entity violates an inmate's constitutional rights, in this case deliberate indifference to Plaintiff's serious medical need, only when it has a policy which creates conditions that infringe upon an inmate's constitutional rights.  *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004).  *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action).  Plaintiff has not alleged that Wexford had a policy or practice of denying inmates medical treatment under the circumstances set forth in Plaintiff's complaint.  Accordingly, Defendant Wexford is dismissed without prejudice.

Plaintiff's Fourteenth Amendment claim (Count 3) shall also be dismissed because it is duplicative of his Eighth Amendment deliberate indifference claim.  Both claims are based on identical facts, and Plaintiff's case is not enhanced by the addition of a Fourteenth Amendment claim.  *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005) (dismissing equal protection and Eighth Amendment claims based on same circumstances as free exercise claim because free exercise claim "gains nothing by attracting additional constitutional labels").  Accordingly, Count 3 is dismissed with prejudice.

**Disposition**

**COUNT 2** is **DISMISSED** without prejudice.  **COUNT 3** is **DISMISSED** with prejudice.

**DEFENDANTS HODGE, STORM,** and **WEXFORD** are **DISMISSED** from this action without prejudice.

As to **COUNT 1**, the Clerk of Court shall prepare for **DEFENDANTS FENOGLIO** and **MARTIN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: February 7, 2013

s/ J. Phil Gilbert
**U.S. District Judge**
