IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JESSE C. PHILLIPS,

    Plaintiff,

vs.

PHILIP B. MARTIN, *et al.*,

    Defendants.

Case No. 13-cv-69-JPG-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Jesse C. Phillips' motion for partial summary judgment (Doc. 69). Defendant Philip B. Martin filed his response (Doc. 92) to which Phillips replied (Doc. 93). For the following reasons, the Court denies Phillips' motion.

**1. Background**

Phillips is currently in the custody of the Illinois Department of Corrections and incarcerated at Lawrence Correctional Center ("Lawrence"). He brings his claim pursuant to 42 U.S.C. § 1983 alleging defendants were deliberately indifferent to his serious medical condition in violation of the Eighth and Fourteenth Amendments. Specifically, Phillips alleges defendants failed to provide him adequate medical treatment for a cholesteatoma.[1] The instant motion seeks summary judgment against Martin, a registered nurse and Lawrence's health care unit administrator during the relevant time period.

---

[1] A cholesteatoma is "a type of skin cyst located in the middle ear and skull bone." MedlinePlus, Cholesteatoma, http://www nlm nih.gov/medlineplus/ency/article/001050.htm (last visited Oct. 23, 2013). It can result from a birth defect, but more commonly results from a chronic ear infection. *Id*. The condition is described as follows:

> Poor function in the eustachian tube leads to negative pressure in the middle ear. This pulls a part of the eardrum (tympanic membrane) into the middle ear, creating a pocket or cyst that fills with old skin cells and other waste material. The cyst can become infected. The cyst may get bigger and break down some of the middle ear bones or other structures of the ear, affecting hearing, balance, and possibly function of the facial muscles.

*Id*.

From October to December 2011, while incarcerated at Lawrence, Phillips suffered an infection related to his cholesteatoma. On October 12, 2011, Dr. James Fenoglio, Lawrence's medical director, examined Phillips and decided to refer him to an outside medical provider. On November 18, 2011, Dr. Delaney, the outside medical provider to whom Phillips was referred, treated Phillips by partially draining his right ear and recommending Phillips use Ciprodex ear drops for two weeks. Upon Phillips' return to Lawrence, Fenoglio provided him with a prescription of Ciprodex ear drops. On November 22, 2011, Fenoglio cancelled that prescription and provided Phillips with a prescription for Floxin ear drops. The next day, Phillips complained to Fenoglio of pain and drainage. Fenoglio treated Phillips with ibuprofen for the pain and cotton balls for the drainage. Thereafter, Phillips saw Dr. Delaney for a follow-up appointment. Dr. Delaney instructed Lawrence medical personnel to "please follow directions from last visit – otherwise do not return [patient]." Doc. 69-2.

Phillips maintains that Fenoglio's failure to provide him with the Ciprodex ear drops as instructed by Dr. Delaney aggravated his cholesteatoma, causing him unnecessary pain and drainage for two weeks. In his affidavit, Phillips states that Martin would have had the opportunity to review the medical records and discover Fenoglio's course of treatment. Phillips filed the instant motion for partial for summary judgment alleging he is entitled to judgment as matter of law against Martin on his deliberate indifference claim.

2. **Analysis**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the

evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252. With this standard in mind, the Court will consider whether Phillips is entitled to judgment as a matter of law on his deliberate indifference claim against Martin.

The Eighth Amendment imposes liability on prison officials who "intentionally disregard a known, objectively serious medical condition that poses an excessive risk to an inmate's health." *Gonzalez v. Feinerman*, 663 F.3d 311, 313-14 (7th Cir. 2011) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Accordingly, Phillips must establish he suffered from an "objectively serious medical condition" and medical officials "were aware of the serious medical need and were deliberately indifferent to it." *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir.

2012).  Phillips can establish Martin was deliberately indifferent if he can establish he had "a sufficiently culpable state of mind."  *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).  The defendant "must know of the serious risk to the prisoner's health, *i.e.*, the serious medical need at issue, and they must also consciously disregard that risk/need so as to inflict cruel and unusual punishment upon the prisoner."  *Johnson v. Doughty*, 433 F.3d 1001, 1010 (7th Cir. 2006).

The Court need not determine whether Phillips' condition constituted a serious medical condition because he has failed to establish Martin was deliberately indifferent.  Phillips contends Martin had knowledge of Phillips' course of treatment because Martin had access to and could have read Phillips' medical records.  Phillips has presented no evidence that Martin actually knew how Fenoglio was treating Phillips.  Without knowledge of the alleged inadequate treatment, Martin could not have acted with the requisite mental state to establish deliberate indifference.  Even if Martin did have this knowledge, Martin is not a doctor and he lacked the authority to order a course of treatment or prescribe a certain medication.  Furthermore, it would have been reasonable for Martin, a register nurse, to rely on a doctor's determination of the appropriate course of treatment.   Thus, viewing the evidence in the light most favorable to Martin, there are genuine issues of material fact and Phillips is not entitled to judgment as a matter of law.

### 3. Conclusion

For the foregoing reasons, the Court **DENIES** Phillips's motion for partial summary judgment (Doc. 69).

**IT IS SO ORDERED.**

**DATED:** October 25, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**